**D'ALTON LAW FIRM, P.C.**
William D'Alton, MT Bar #4246
1643 24th Street West, Suite 314
Billings, Montana 59102
Phone: (406) 245-6643
Fax: (406) 245-6693
Email: bill@daltonlawpc.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| SHAWN ABEL, individually and on behalf of other similarly situated persons,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AUSTYN SPENCER ENTERPRISES, LLC, BLUE SKY PIZZA, LLC and RHETT HIGHTOWER,<br><br>　　　　　Defendants. | CASE No._____<br><br>CLASS ACTION CLAIMS<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Shawn Abel, individually and on behalf of all others similarly situated, for his Complaint against Defendants Austyn Spencer Enterprises, LLC, Blue Sky, LLC and Rhett Hightower hereby states and alleges as follows:

1.　　Defendants have operated at least nine Domino's Pizza franchise stores in Montana and Idaho during times relevant.

1

2.     Defendants employ delivery drivers who use their own automobiles to deliver pizzas and other food items to Defendants' customers. Instead of reimbursing their delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their net wages to fall below the federal and state minimum wages during some or all workweeks.

3.     Plaintiff Shawn Abel brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and as a class action under the Montana Minimum Wage and Overtime Compensation Act ("MMWOCA"), Mont. Code Ann. § 39-3-401 *et seq.*, to recover unpaid minimum wages owed to himself and all similarly situated delivery drivers employed by Defendants at their Domino's Pizza stores.

## JURISDICTION AND VENUE

4.     The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) which provides for concurrent jurisdiction in federal and state courts and on 28 U.S.C. § 1331 (federal question).

5. The MMWOCA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions.  Jurisdiction over Plaintiff's MMWOCA claim is based on Mont. Code Ann. §§ 39-3-407 & 39-3-207 and 28 U.S.C. § 1367 (pendent claims).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as Defendants maintain and operate places of business in this district, employed Plaintiff in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## PARTIES

7. Defendant Austyn Spencer Enterprises, LLC is an Arizona limited liability company which has operated a chain of Domino's Pizza franchise stores, including stores located within this District, during times relevant.

8. Defendant Blue Sky Pizza, LLC is a Montana limited liability company which has operated a chain of Domino's Pizza franchise stores, including stores located within this District, during times relevant.

9. Defendants Austyn Spencer Enterprises, LLC and Blue Sky Pizza, LLC comprise a "single employer" or "single integrated enterprise" as they share interrelated operations, centralized control of labor relations, common management, and common ownership or financial control. Based on knowledge and information, Defendant Hightower ultimately owns a substantial interest in each of the Defendant

entities; he serves as the president and principal of the Defendant entities; and he maintains ultimate control of both of those Defendants' business operations.

10.   Alternatively and/or cumulatively, Defendants Austyn Spencer Enterprises, LLC and Blue Sky Pizza, LLC constitute "joint employers" with respect to the delivery drivers as they share authority to hire and fire delivery drivers, determine rate and method of pay, administer discipline, control work schedules and other terms and conditions of employment, maintain records of hours and other employment records, handle payroll and insurance decisions, and supervise the employees.

11.   Alternatively and/or cumulatively, because the work performed by the delivery drivers simultaneously benefited Defendants Austyn Spencer Enterprises, LLC and Blue Sky Pizza, LLC and/or directly or indirectly furthered their joint interests, and because Defendants Austyn Spencer Enterprises, LLC and Blue Sky Pizza, LLC are not completely disassociated with respect to the employment of the delivery drivers and may be deemed to share control of the delivery drivers, either directly or indirectly, by reason of the fact that each of those Defendants either controls, is controlled by, or is under common control with the other, each of those Defendants is a "joint employer" of the delivery drivers under the FLSA's broad definition of "employer." 29 U.S.C. § 203(d); 29 C.F.R. § 791.2(b).

12.     Defendant Rhett Hightower is an individual who resides in this district. Throughout the relevant period, Defendant Hightower exercised operational control over all Defendants; oversaw and/or implemented the wage and hour policies and practices implicated in this action, was ultimately responsible for the delivery drivers' wages, and, as a result, is personally liable for the actions alleged herein.

13.     Plaintiff Shawn Abel was employed by Defendants from about March 2016 to about June 2018 as a delivery driver at their Domino's Pizza stores in Billings, MT. Plaintiff Abel's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

## GENERAL ALLEGATIONS
### *Defendant's Business*

14.     During the recovery period, Defendants have owned and operated at least nine Domino's Pizza franchise stores in Montana and Idaho.

15.     Each of Defendants' stores employs delivery drivers.

16.     Defendant's delivery drivers have the same primary job duty of delivering pizzas and other food items to Defendants' customers using their personal automobiles.

### *Defendant's Flawed Reimbursement Policy*

17.     Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

18.     Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendants.

19.     Defendants' delivery driver reimbursement policy reimburses delivery drivers on a per-delivery basis which results in a per-mile reimbursement far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

20.     The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of Defendants' delivery drivers' automobile expenses.

21.     During the applicable FLSA limitations period, the IRS business mileage reimbursement rate has ranged between $.535 and $.575 per mile. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

22.     The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with delivery driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower

gas mileage and higher repair costs than the average driver due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

23.     Defendants' reimbursement policy does not reimburse the delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicles, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

24.     Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

25.     Defendants fail to reasonably approximate the amount of their delivery drivers' automobile expenses to such an extent that their delivery drivers' net wages are diminished beneath the federal and state minimum wages.

26.     In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### *Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

27.     Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and state minimum wages.

28.     During the recovery period, Defendants paid Plaintiff Abel and their other delivery drivers the exact state minimum wage, or at least very close thereto, including a tip credit.

29.     The federal and Idaho minimum wages have been $7.25 per hour during the entire recovery period.

30.     The Montana minimum wage was $8.05 per hour in 2015 and 2016, was $8.15 per hour in 2017, and is $8.30 per hour in 2018.

31.     During the recovery period, the per-delivery reimbursement rate at the stores where Plaintiff worked has been approximately $1.02 per delivery.

32.     During his employment with Defendants, Plaintiff experienced an average delivery distance of at least 5 miles per delivery.

33.     Thus, during the applicable limitations period, Defendants' average effective reimbursement rate for Plaintiff Abel was approximately $.204 per mile ($1.02 per delivery / 5 average miles per delivery).

34.     During the FLSA recovery period, the lowest IRS business mileage reimbursement rate has been $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. Using that IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreases his net wages by approximately $.33 ($.535 - $.204) per mile. Considering Plaintiff's estimate of 6 average miles per delivery, Defendants under-reimbursed him about $1.65 per delivery ($.33 x 5 miles).

35.     During his employment by Defendants as a delivery driver, Plaintiff typically averaged approximately 2.5 deliveries per hour.

36.     Thus, Plaintiff consistently "kicked back" to Defendants approximately $4.13 per hour ($1.65 per delivery x 2.5 deliveries per hour) for a subminimum net wage rates of about $3.92 per hour in 2016 ($8.05 nominal hourly wage - $4.13 per hour "kickback"), about $4.02 per hour in 2017 ($8.15 nominal hourly wage - $4.13 per hour "kickback"), and about $4.17 per hour in 2018 ($8.30 nominal hourly wage - $4.13 per hour "kickback").

37.     All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable minimum wage rate before deducting unreimbursed vehicle expenses.

38.     Because Defendants paid their delivery drivers a gross hourly wage exactly equal to, or at least very close to, the applicable state minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

39.     While the amounts of Defendants' actual reimbursements per mile may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Domino's Pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

40.     The net effect of these policies is that Defendants willfully fail to pay the federal and state minimum wages to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiff brings Count I as an "opt-in" collective action claim on behalf of similarly situated delivery drivers pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

42.     The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

43.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential plaintiffs may be notified of the pendency of this action via mail.

44.     Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

a.      They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b.      They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c.      Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d.      They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e.      They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.      They were subject to the same pay policies and practices of Defendants;

g.  They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived them of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h.  They were reimbursed similar set amounts of automobile expenses per delivery; and

i.  They were paid near the federal and state minimum wage before deducting unreimbursed business expenses.

45.  Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representative of the following persons (the "Class"):

> All current and former delivery drivers employed by Defendants in the State of Montana at any time during the 180 days preceding the filing of this Complaint.

46.  Count II, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Class.

47.  Plaintiff's state law claim asserted in Count II satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

48.     The Class sought in Count II satisfies the numerosity standard as it consists of at least 40 persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

49.     Questions of fact and law common to the Class sought in Count II predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

a.     They have worked as delivery drivers for Defendants delivering pizza and other food items;

b.     They have delivered pizza and other food items using automobiles not owned or maintained by Defendants;

c.     Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d.     They incurred costs for automobile expenses while delivering pizza and other food items for the primary benefit of Defendants;

e.     They were subject to similar automobile expenses;

f.     They were subject to similar pay rates; and

g.     They were subject to the same policy of failing to reimburse for automobile expenses, resulting in wages below the Montana minimum wage in some or all workweeks.

50.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claim.

51.     Plaintiff's claim is typical of those of the Class sought in Count II in that:

      a.    Plaintiff and the Class have worked as delivery drivers for Defendants delivering pizza and other food items;

      b.    Plaintiff and the Class have delivered pizza and other food items using automobiles not owned or maintained by Defendants;

      c.    Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

      d.    Plaintiff and the Class incurred costs for automobile expenses while delivering pizza and other food items for the primary benefit of Defendants;

      e.    Plaintiff and the Class were subject to automobile expenses;

      f.    Plaintiff and the Class were subject to similar pay rates; and

      g.    Plaintiff and the Class were subject to the same policy of failing to reimburse for automobile expenses, resulting in wages below the Montana minimum wage in some or all workweeks.

52.     Plaintiff is an adequate representative of the Class sought in Count II because he is a member of that Class and his interest does not conflict with the interest of the members of the Class he seeks to represent.  The interests of the members of the Class sought in Count II will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

53.     Maintenance of the claim asserted in Count II as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

54.     It would be impracticable and undesirable for each member of the Class sought in Count II who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## COUNT I: Violation of the FLSA

55.     Plaintiff reasserts and re-alleges the allegations set forth above.

56.     At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

57.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations, but none of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

58.     The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

59.     Defendants are subject to the FLSA's minimum wage requirements because they comprise an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

60.     Under Section 6(a) of the FLSA, 29 U.S.C. § 206(a), employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009. *Id*.

61.     As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

16

62.    Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

63.    Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

64.    Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employed by Defendants.

65.    Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

66.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find

Defendants acted in good faith and with reasonable grounds to believe their actions were lawful, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

67.    As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT II:  Violation of the MMWOCA

68.    At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the MMWOCA including, but not limited to, the right to receive Montana's minimum wage rate.  Mont. Code Ann. § 39-3-401 *et seq*.

69.     The MMWOCA exempts certain categories of employees from Montana's minimum wage obligations, but none of those exemptions apply to Plaintiff or other similarly situated delivery drivers.  Mont. Code Ann. § 39-3-406.

70.     During all times relevant to this action, Defendants "employed" Plaintiff and the Class within the meaning of the MMWOCA.  Mont. Code Ann. § 39-3-402(2).

71.     During all times relevant to this action, Plaintiff and the Class were Defendants' "employees" within the meaning of the MMWOCA.  Mont. Code Ann. § 39-3-402(3).

72.     Montana employees have been entitled to be compensated at a rate of at least $8.05 per hour in 2015 and 2016, $8.15 per hour in 2017 and $8.30 per hour in 2018.  Mont. Code Ann. § 39-3-404; http://erd.dli.mt.gov/labor-standards/wage-and-hour-paymentact/minimum-wage-history.

73.     As alleged herein, Defendants have failed to pay their delivery drivers in Montana the minimum wage required by the MMWOCA after deduction of unreimbursed automobile expenses incurred in performing their jobs for Defendants.

74.     Defendants, pursuant to their policy and practice, violated the MMWOCA by refusing and failing to pay Montana's minimum wage to Plaintiff and the Class.

75.    Plaintiff and the Class are entitled to damages equal to the Montana minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff was last employed by Defendants because Defendants have engaged in repeated violations.  Mont. Code Ann. §§ 39-3-407 & 39-3-207(3).

76.    Plaintiff and the Class are entitled to recover an additional amount up to 110% of the wages due and unpaid.  Mont. Code Ann. §§ 39-3-407, 39-3-206 & 39-3-207.

77.    Plaintiff and the Class are entitled to recover their reasonable attorneys' fees and costs in pursuing the claim.  Mont. Code Ann. §§ 39-3-407 & & 39-3-214.

78.    Plaintiff and the Class are entitled to pre-judgment and post-judgment interest as provided by law.

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) statutory damages pursuant to Mont. Code Ann. §§ 39-3-407, 39-3-206 & 39-3-207; (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

**DATED:**   November 21, 2018                Respectfully submitted,

s/ William D'Alton
William D'Alton, MT Bar #4246
D'ALTON LAW FIRM, P.C.
*Counsel for Plaintiff*


**To be submitted *pro hac vice***

WEINHAUS & POTASHNICK
Mark A. Potashnick (MO Bar # 41315)
(*pro hac vice* forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri  63141
Telephone:   (314) 997-9150
Facsimile:    (314) 997-9170
markp@wp-attorneys.com
*Counsel for Plaintiff*

LIBERMAN, GOLDSTEIN & KARSH
Eli Karsh (MO Bar #43061)
(*pro hac vice* forthcoming)
230 S. Bemiston Ave., Suite 1200
St. Louis, Missouri  63105
Telephone:   (314) 862-3333, ext. 13
Facsimile:    (314) 862-0605
elikarsh@aol.com
*Counsel for Plaintiff*

## <u>CONSENT TO BECOME A PARTY PLAINTIFF</u>

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff seeking unpaid wages against Austyn Spencer Enterprises, LLC, its owners and/or related entities.

Date:   10-12-18

Shawn Abel